# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| **DOCKET ENTRY:** | **ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT DEFENDANT ROGER HUBBARD BE DISMISSED BECAUSE HE IS NOT A STATE ACTOR** |

**PRESENT:**

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Marlene Ramirez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS: (IN CHAMBERS)**

On June 27, 2019, Plaintiff Jesse Plasola, a California resident proceeding pro se but not in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ("Complaint," Dkt. No. 1). The claims arise from Plaintiff's California divorce proceedings in 2006, and, more specifically, from Plaintiff's efforts a decade later to modify the Dissolution Order governing the division of the couple's marital property. The Complaint sues five Defendants,[1] including Defendant Roger Hubbard, the attorney who has been representing Plaintiff's ex-wife, Sila Plasola, in proceedings related to the divorce since May 2016. (See Dkt. No. 10 at 1). Hubbard filed an Answer to the Complaint on July 15,

---

[1] The District Judge dismissed the claims against three of the Defendants on October 18, 2019 and referred the claims against the two surviving Defendants, i.e., the State of California and Hubbard, to the above-referenced Magistrate Judge for further proceedings. (Dkt. No. 35).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    CV 19-5592 JAK (SS)                    Date: November 8, 2019
                                                   Page 2 of 4

Title:      Jesse Plasola v. State of California, et al.

2019. (Dkt. No. 6). The Answer consisted of a general denial and seven affirmative defenses. (Id. at 1-3).

To state a claim under section 1983, a plaintiff must allege that the deprivation of a right secured by the federal constitution or statutory law was committed by a person acting under color of state law. Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "While generally not applicable to private parties, a § 1983 action can lie against a private party when he is a willful participant in joint action with the State or its agents." Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003).

The Ninth Circuit has identified four circumstances under which a private person may be said to be acting under color of state law. Under the "public function" test, "when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." Id. at 1093 (quoting Lee v. Katz, 276 F.3d 550, 554-55 (9th Cir. 2002)). Under the joint action test, a court will consider whether "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity" and "knowingly accepts the benefits derived from unconstitutional behavior." Kirtley, 326 F.3d at 1093 (quoting Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1486 (9th Cir. 1995)). Under the "governmental coercion or compulsion" test, the court considers "whether the coercive influence or 'significant encouragement' of the state effectively converts a private action into a government action." Kirtley, 326 F.3d at 1094 (quoting Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 836-37 (9th Cir. 1999)). Finally, under the "government nexus" test, the court asks whether "there is such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." Kirtley, 326 F.3d at 1095 (quoting Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 295 (2001)).

As a general matter, privately-retained attorneys are not considered state actors in § 1983 actions. See Briley v. California, 564 F.2d 849, 855 (9th Cir. 1977) ("We have repeatedly held that a privately-retained attorney does not act under color of state law for

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.     CV 19-5592 JAK (SS) | Date: November 8, 2019 |
| | Page 3 of 4 |

Title:     Jesse Plasola v. State of California, et al.

purposes of actions brought under the Civil Rights Act."). Furthermore, in the specific context of divorce proceedings, courts have routinely rejected the contention that an ex-spouse's divorce lawyer may be liable as a "state actor" under § 1983 under any of the exceptional circumstances that may transform a private actor into a public actor. See, e.g., Schucker v. Rockwood, 846 F.2d 1202, 1205 (9th Cir. 1988) (judge's acceptance of legal arguments by plaintiff's ex-wife's counsel in divorce proceedings did "not convert a private party's action into state action" because "merely resorting to the courts and being on the winning side of a lawsuit does not make a [private] party a joint actor with the judge"); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam) ("[Plaintiff's] dissatisfaction with the property settlement reached in her prior divorce proceedings, and her conclusory allegations that [various judges and lawyers] had conspired to prevent her from effectively prosecuting her divorce case, are insufficient to support a § 1983 claim."); Navas v. Byron, 2013 WL 1501438, at *3 (D. Nev. Feb. 26, 2013), report and recommendation adopted, 2013 WL 1501684 (D. Nev. Apr. 10, 2013) (private attorney who handled divorce proceedings on behalf of plaintiff's ex-wife was not a state actor under § 1983).

Hubbard appears to be a lawyer in private practice. Accordingly, Plaintiff is ORDERED to show cause, within **fourteen days** of the date of this Order, why the Magistrate Judge should not recommend that the claims against Hubbard be dismissed with prejudice on the ground that he is not a state actor and is consequently not subject to suit under § 1983.[2] Plaintiff may satisfy this Order by filing a declaration explaining why Hubbard is a proper Defendant in this § 1983 action even though he is a private attorney.

---

[2] Sua sponte screening of the claims against Hubbard is authorized by Federal Rule of Civil Procedure 12(b)(6), which provides that a trial court may dismiss a claim on its own motion "where the claimant cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); see also Seismic Reservoir 2020, Inc. v. Paulsson, 785 F.3d 330, 335 (9th Cir. 2015) (citing Omar); Baker v. Director, U.S. Parole Comm'n, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam) (adopting the Ninth Circuit's position in Omar and noting that a sua sponte dismissal "is practical and fully consistent with plaintiff's rights and the efficient use of judicial resources"). Additionally, a paid complaint that is

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    CV 19-5592 JAK (SS) | Date: November 8, 2019 |
| | Page 4 of 4 |

Title:    Jesse Plasola v. State of California, et al.

      **If Plaintiff no longer wishes to pursue his claims against Hubbard, he may request a voluntary dismissal of those claims or of this action in its entirety pursuant to Federal Rule of Civil Procedure 41(a).  A Notice of Dismissal form is attached for Plaintiff's convenience.  Plaintiff is warned that the failure to timely file a response to this Order will result in a recommendation that this action be dismissed for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).**

      IT IS SO ORDERED.

---

"obviously frivolous" does not confer federal subject matter jurisdiction and may be dismissed <u>sua sponte</u> even before service of process.  <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); <u>see also</u> Fed. R. Civ. P. 12(h)(3); <u>Grupo Dataflux v. Atlas Global Group, L.P.</u>, 541 U.S. 567, 593 (2004).